# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 16, 2010 Session

## IN RE: THE ESTATE OF ERNEST DWIGHT KING, DECEASED

**Appeal from the Chancery Court for Warren County**
**No. 10526      Larry B. Stanley, Jr., Judge**

---

**No. M2010-00676-COA-R3-CV - Filed April 19, 2011**

---

Following the death of her husband, a widow filed a petition in probate court and sought to aggregate the estate's assets. The decedent had been in partnership with two brothers in a company that owned real estate and operated a nursery. The widow sought to partition the land and sell the partnership's assets to obtain the estate's one-third share of the partnership. The trial court ordered the land be sold at auction and the proceeds partitioned as the widow requested, and decreed certain expenses be paid from the sale before the proceeds were distributed to the estate and the two brothers. The brothers appealed the trial court's decree affirming the payment of certain expenses before the proceeds were divided up among the partners, and claimed the estate should be liable for additional expenses the partnership incurred following the decedent's death. However, the brothers failed to present evidence to the trial court in support of their arguments, with the result that we are unable to provide the brothers with any of the relief they seek. Accordingly, the trial court is affirmed in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Aubrey L. Harper, Chattanooga, Tennessee, for the appellants, Lynn and Jerry King.

Frank D. Farrar, Barry H. Medley, McMinnville, Tennessee, for the appellee, Patricia King; Robert Newman, McMinnville, Tennessee, for the appellees, Andrea Jacobs, Lisa Christian, and Heather King Payne.

# MEMORANDUM OPINION[1]

Ernest Dwight King, Lynn King, and Jerry King were three brothers who formed a partnership they called King Brothers Tree Farm. The partnership owned three tracts of land in Warren and Grundy Counties which the brothers used to grow and sell nursery stock. Ernest Dwight King (the "Decedent") died intestate on December 27, 2006, leaving his wife of eighteen years and three daughters from a prior marriage. Patricia King was the Decedent's wife, and she filed a petition in November 2007 to probate her husband's estate and to be named the administratrix. In her petition, Ms. King claimed an interest on behalf of herself and the estate in the King Brothers Tree Farm partnership.[2]

Ms. King filed a complaint in the same case in February 2008 in which she sought an accounting from Lynn and Jerry King of the partnership's real and personal assets and liabilities to enable her to prepare an inventory as Administratrix of the estate. In her prayer for relief Ms. King asked the court to order the sale of the partnership's real and personal property, if necessary.

Then, in October 2008 Ms. King filed yet another complaint with a different case number. In this complaint, Ms. King sought partition of the partnership's real estate. The trial court held a hearing on July 28, 2009, and by Order dated July 29, 2009, found that the partnership's real property cannot be partitioned in kind, and that "it is to and in the best interest of the owners thereof that said real property be sold at public auction to the highest and best bidder for cash." The court thus ordered the real property to be sold by public auction, and set out specific terms for the auction. The court also ordered the partnership's personal property (equipment) and nursery stock to be sold along with the real property at the public auction.

By letter dated September 12, 2009, the Clerk and Master informed the parties' attorneys that Lynn King was the highest bidder at the auction. The Clerk and Master

---

[1]Tenn. R. Ct. App. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Ms. King asserted a 1/6 personal interest in the partnership as well as a 1/6 interest on behalf of the estate. Mr. King's brothers, who held the other 2/3 share in the partnership, disputed Ms. King's personal interest but agreed their brother's estate was entitled to a 1/3 share.

indicated she would send the attorneys a report of sale for their review and that she intended to ask the trial court to confirm the sale two weeks later. The Clerk and Master prepared a Special Commissioner's Report dated September 12, 2009, in which she described the terms of the auction, listed the expenses incurred in connection with the sale of the real and personal property, and recommended the sale be confirmed. Ms. King then filed a motion asking the court to approve the sale and to set appropriate fees and expenses in connection therewith.

The trial court entered a Decree Confirming Sale on September 28, 2009. In its Decree, the court confirmed the Report of the Special Commissioner, ratified the sale of the real and personal property, and directed the Clerk and Master to pay the fees and expenses of the auction, totaling $87,478.48, from the total gross sales proceeds. The fees and expenses the court ordered to be paid from the proceeds included the fees for both Ms. King's attorney and for the deceased's daughters' attorney in the amount of $10,750 each.

Lynn and Jerry King filed a Motion for Clarification on October 7, 2009, in which they alleged the partnership had incurred expenses totaling $62,100 since the death of their brother. Lynn and Jerry King asserted these expenses should be shared equally with the estate. These expenses included taxes assessed against the partnership's real property, payments made for the real property, equipment purchases, and property upkeep. In addition, Lynn and Jerry King asserted the cost of having the real property appraised before Ms. King sought to have the land partitioned should be shared equally with the estate.[3] The record does not reflect whether or not Ms. King or the deceased's daughters responded to the King brothers' Motion for Clarification, but the certificate of service indicates the motion was served on all parties.

A hearing was held on December 8, 2009, which Lynn and Jerry King's attorney believed was to address his clients' Motion for Clarification. The brothers' attorney started the hearing by explaining to the judge his concern that his clients may be found liable for paying some of the expenses of the estate. The attorney indicated he had a breakdown of the moneys that were spent that he was prepared to address. When the court turned to Ms. King's attorney to hear his position on the motion, Ms. King's attorney said he was not aware the hearing that day was for the purpose of addressing the brothers' Motion for Clarification. Ms. King's attorney expressed his understanding that the hearing that day was to address an unrelated execution and garnishment claim by Jerry King's ex-wife for alimony

_____

[3]Lynn and Jerry King contend Ms. King initially had agreed to let the brothers pay the estate 1/3 of the value of the partnership's real property based on the appraised value of the tracts of land. The brothers thus arranged to have the property appraised at a cost of $1,050. Apparently, Ms. King was not happy with the appraiser's valuation, resulting in her filing the land partition complaint.

against Jerry King's portion of the partnership's proceeds.[4] The court proceeded to address the execution and other estate matters, but the Motion for Clarification was not revisited during this hearing.

Lynn and Jerry King then filed a Motion to Release Funds Held by Clerk and Master. Attached to their motion was a list of expenses the partnership had incurred since the death of the Decedent that mirrored the list of partnership expenses included in their earlier Motion for Clarification. The record does not include a response from Ms. King to this motion, but the trial court held a hearing on February 9, 2010, to address both the Motion for Clarification and the Motion to Release Funds. In response to Lynn and Jerry King's attorney's argument that the estate should be required to bear an equal share of the partnership's expenses since the decedent's death, Ms. King's attorney pointed out that Lynn and Jerry King have continued to operate the partnership, receive profits from the partnership, and make decisions about the partnership without any input from Ms. King.

The trial court responded:

> I have allegations by the attorneys, and I don't have anything else. I don't have receipts, I don't have any affidavits, I don't have any testimony. So, quite frankly, I think that the estate should be divided based on the record in front of me.
>
> . . . . .
>
> So, based on the fact that there is nothing in the record, other than affirmance about what's owed or what's not owed, I've got no other choice. Whatever is there, whatever the – my prior order was that – and I assume everybody had their say about it – I put down an order regarding attorneys' fees, expenses, and so forth; that comes out.

The trial court entered an Order dated March 9, 2010, addressing Lynn and Jerry King's Motion for Clarification and Motion to Release Funds. The court wrote:

> After considering the entire Court file and arguments of counsel for all the parties, this Court finds that the Decree Confirming Sale filed on September 28, 2009 is proper in all regards, should not be modified, is hereby confirmed in all regards and shall stand as filed . . . .

---

[4]The record reflects that a hearing was set for December 8, 2009, to address the execution and garnishment matter.

In reviewing the trial court's ruling, this court reviews findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Blair v. Brownson*, 197 S.W.3d 681, 684 (Tenn. 2006). Questions of law are reviewed *de novo* with no presumption of correctness. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006).

On appeal, Lynn and Jerry King complain about a number of the procedures in the court below and argue (1) the fees for Ms. King's attorney and for the deceased's daughters' attorney should not have been paid from the land auction proceeds before they received their two-thirds share, and (2) they should be reimbursed from these proceeds for the costs they incurred in maintaining the partnership following the death of their brother before the estate receives its distribution.

The King brothers first assert there was no need to auction the land because an appraiser had reached a reasonable value that was very close to the ultimate auction price. However, while the King brothers filed an Answer to Ms. King's initial petition and to her first complaint, the record does not reflect that Lynn and Jerry King ever filed an Answer or other responsive pleading seeking to dismiss Ms. King's partition complaint. Moreover, they failed to file any opposition to the court's Order that the partnership's real property be sold at auction.[5]

The court held a hearing on July 28, 2009, to address Ms. King's request that the partnership's property be partitioned and sold at auction, and entered an order the following day describing how the auction was to take place. The King brothers did not file a motion or other pleading in an effort to prevent the auction from taking place. Without anything in the record showing efforts by Lynn and Jerry King to prevent the auction from proceeding or even seeking to dismiss the complaint, we are not in a position to reverse the auction or wipe away the expenses incurred.

Lynn and Jerry King also contend Ms. King filed too many complaints and that the initial petition filed in the probate court was sufficient to resolve all the issues Ms. King ultimately raised. While we agree Ms. King should have been able to obtain all the relief she sought through a single lawsuit, the place and time to complain of this was at the trial court level while that court still had jurisdiction over this case. The brothers failed to take any action in the trial court seeking to dismiss Ms. King's partition complaint, and the trial court did not have the opportunity to address whether the request for partition should have been sought in the initial case that was filed. We will not review issues not presented to the trial

_____

[5]Lynn and Jerry King do not complain they were not served with Ms. King's partition complaint or with notice of the hearing on July 28 to address how the land partition would occur.

court. In any event, whatever complaint the King brothers may have with the pre-auction procedures, they have presented no evidence or argument that would justify setting aside the auction.

Lynn and Jerry King next complain they were not provided the opportunity to present witnesses at the hearing on December 8, 2009, which they believed was set to hear their Motion for Clarification. There was some question whether this motion was supposed to be heard on that day, and the transcript does not indicate Lynn and Jerry King's attorney ever asked for another hearing to be set to address their motion. However, the court did hold a hearing on February 9, 2010, and during this hearing the court addressed both the Motion for Clarification as well as the Motion to Release Funds Held by Clerk and Master, which essentially contained the same arguments.

During this hearing, the court explained its perplexity that all it had before it were counsel's arguments, and that it had not been presented with any affidavits or other evidence in support of Lynn and Jerry King's arguments. If Lynn and Jerry King had witnesses prepared to testify and documents for the court to review in support of their arguments concerning disbursements from the auction proceeds, that hearing was the time and place to present the testimony and evidence. For some reason not evident in the record, however, the brothers did not present any evidence in support of the arguments they made in their motions. Therefore, the trial court had no evidence upon which to grant the brothers any relief and was left with its prior Decree Confirming Sale in which it allowed the expenses incurred in connection with the auction. Based on the state of the record at that time, the trial court appropriately affirmed its prior Decree.

The trial court's Order dated March 9, 2010 confirming its earlier Decree Confirming Sale is affirmed. Costs of the appeal are taxed to Lynn King and Jerry King, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE